IN THE UNITED STATES DSITRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS


ERASMO SOLIS )
)      Case Number:
v. )      Judge:
)
McNICHOLS CO. )      **JURY DEMANDED**


## COMPLAINT

### Parties, Jurisdiction & Venue

1.      Plaintiff, ERASMO SOLIS, ("SOLIS"), is a natural person and citizen of the State of Illinois, residing in Norridge, IL

2.      Defendant, McNICHOLS CO.., is an employer as that term is defined by 42 U.S.C. 2000e(b) and the ADA, 42 USC § 12101, *et seq*, and employed individuals, including Solis, in the county in which this federal court is located.

3.      Jurisdiction exists in this Court under 28 U.S.C. 1331 and 28 U.S.C. 1343, because this case involves causes of action that arise under federal law; specifically, interpretation of 42 USC § 2000e *et seq*. (Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991) and because it seeks redress to recover damages or secure equitable relief under Acts of Congress providing for the protection of civil rights.

4.      Venue is proper in this district under 28 U.S.C § 1391(b)(1) because the Defendant resides here; and 28 U.S.C § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this judicial district.

**Common Allegations**

5. Plaintiff began employment with Defendant in June 2017.

6. Plaintiff's position was District Operations Manager.

7. During his employment, Plaintiff was subjected to different terms and conditions of employment than female and non-Hispanic employees, including but not limited to differences in quality of assignments, bonuses, and scrutiny. For instance, when Plaintiff was ultimately terminated he had not been provided progressive discipline, as was the case with women and white employees.

8. Plaintiff complained to his supervisor about bonus eligibility and was terminated.

9. Plaintiff was terminated on December 19, 2017 by John Farley, COO.

10. The reason(s) given for his termination – i.e. that Plaintiff left early on December 9, 2017, did not book a trip to Atlanta on his personal time (a Sunday) and did not submit executive summary reports were pretextual.

11. The Plaintiff did leave early on 12/9, but he had come in early that same day to account for time, and Plaintiff was not provided any warning as non-Hispanic and female employees would have been. The executive summaries were, in fact, submitted. And the trip to Atlanta with a fly-out on Monday (as opposed to Sunday) was booked and approved through corporate. Plaintiff changed the flight to a Sunday departure when his boss brought to his attention that he desired as such.

12. Plaintiff timely filed a charge of discrimination with the EEOC on February 13, 2018.

13. The EEOC issued a "Right to Sue" letter on July 9, 2018, which was received by Plaintiff approximately three days later.

14. This action is filed within 90 days of Plaintiff's receipt of the "Right to Sue" letter.

## COUNT I
### *Unequal Terms and Conditions of Employment, Due to National Origin and Sex*

15.     Plaintiff incorporates paragraphs 1-14 as though set forth fully herein.

16.     Plaintiff's national origin is Hispanic; Plaintiff's sex is male.

17.     Plaintiff's performance met Defendant's reasonable expectations.

18.     Plaintiff was qualified to perform his job.

19.     From June through December 2017, Plaintiff was subjected to unequal terms and conditions of employment.

20.     Similarly-situated non-Hispanic employees, and similarly situated female employees, were not subjected to these terms and conditions of employment.

21.     Plaintiff has been the victim of unlawful discriminatory conduct in the workplace. Plaintiff was unlawfully subjected to disparate treatment and suffered adverse employment actions by Defendant on the basis of his sex and national origin. These employment actions were unlawful in violation of Title VII, 42 USC 2000e-2(a).

22.     Plaintiff has been made to suffer emotional distress and loss of employment and wages and benefits as the direct and proximate result of his civil rights violations as alleged herein. Plaintiff is reasonably certain to suffer these damages in the future. Plaintiff is entitled to the rights and remedies at law provided by Title VII and 42 U.S.C. 1981a.

## COUNT II
### *Discharged Due to National Origin and Sex*

23.     Plaintiff incorporates paragraphs 1-22 as though set forth fully herein.

24.     Plaintiff is a Hispanic man.

25.     Plaintiff's performance met Defendant's expectations.

26.     Similarly-situated non-Hispanic and female employees were not discharged under similar circumstances.

27. Plaintiff has been the victim of unlawful discriminatory conduct in the workplace. Plaintiff was unlawfully subjected to disparate treatment and suffered adverse employment actions by Defendant on the basis of his sex and national origin. These employment actions were unlawful in violation of Title VII, 42 USC 2000e-2(a).

28. Plaintiff has been made to suffer emotional distress and loss of employment and wages and benefits as the direct and proximate result of his civil rights violations as alleged herein. Plaintiff is reasonably certain to suffer these damages in the future. Plaintiff is entitled to the rights and remedies at law provided by Title VII and 42 U.S.C. 1981a.

### COUNT III
### *Discharged Due to Making Complaint About Discrimination*

29. Plaintiff incorporates paragraphs 1-28 as though set forth fully herein.

30. Plaintiff complained to his supervisors about being subjected to unequal terms and conditions due to his race and disability.

31. On December 19, 2017 Plaintiff was discharged.

32. People who did not assert their rights were not discharged.

WHEREFORE, the Plaintiff, ERASMO SOLIS, requests that judgment be entered in his favor, and against, McNICHOLS CO., and award actual damages, emotional distress damages, punitive damages, attorney's fees, court costs, and any other relief the Court deems proper.

Respectfully Submitted,
/s/ Christopher V. Langone

Langone Batson
17 N. Wabash, Ste. 500
Chicago, IL 60601
(312) 344-1945

**Plaintiff Demands Trial By Jury**

Respectfully Submitted,
/s/ Christopher V. Langone